EXHIBIT 1

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>19th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT<br>$25,000.00 | CASE NO.<br>14-10936GC<br>JUDGE SAM SALAMEY    JUD |
|---|---|---|

**Court address**: 16077 Michigan Ave., Dearborn, MI 48126

**Court telephone no.**: (313) 943-2060

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Valentina Serra<br>c/o Michigan Consumer Credit Lawyers<br>22142 W. Nine Mile Rd.,<br>Southfield, MI, 48033<br>(248) 353-2882 | v | Midland Credit Management, Inc.<br>RA: CSC- Lawyers Incorporating Service Company<br>601 Abbott Road<br>East Lansing, MI 48823 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Gary D. Nitzkin (P41155)<br>Travis L. Shackelford (P68710)<br>22142 W. Nine Mile Rd.,<br>Southfield, MI, 48033<br>(248) 353-2882 | | A TRUE COPY |

**SUMMONS** | **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 08/29/2014 | 11/28/2014 | SHARON E LANGEN |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

ATTY FOR SERVICE

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☑ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Dearborn, Michigan | Defendant(s) residence (include city, township, or village)<br>East Lansing, Michigan |
|---|---|
| Place where action arose or business conducted<br>Dearborn, Michigan | |

08/27/2014
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                            Date

My commission expires: _____ Signature: _____
                         Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                         Attachments

_____ on _____
                                    Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 19TH DISTRICT COURT

VALENTINA SERRA,
    Plaintiff,

-vs.-

                           **DEMAND FOR JURY TRIAL**

MIDLAND CREDIT MANAGEMENT, INC.,
A Kansas Corporation,
    Defendant.

A TRUE COPY

## COMPLAINT & JURY DEMAND

Plaintiff, Valentina Serra, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## PARTIES

2. Plaintiff is a natural person residing in Dearborn, Wayne County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is Midland Credit Management, Inc. which is a Kansas company that maintains registered offices in Ingham County, Michigan.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Dearborn, Wayne County, Michigan.

5. Venue is proper in the 19th District Court.

6. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

A TRUE COPY

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect three different consumer type debts allegedly owed by Plaintiff to GE Money Bank/Kirklands in the amount of $971.43, GE Money Bank in the amount of $828.61 and to Nordstrom Bank in the amount of $3,943.82.

8. None of these alleged debts belong to Ms. Serra. Her identity is being confused with another individual with a similar name.

9. On or about December 12, 2013, Ms. Serra received a letter from Defendant. This was the first letter that she received from Defendant and there is no 30-day validation notice rights in this letter. This letter asked Ms. Serra to settle the GE Money Bank/Kirklands debt for $582.86.

10. On or about January 30, 2014, Ms. Serra received another letter from Defendant. This letter again asked her to settle the GE Money Bank/Kirklands debt and it gave her different settlement options.

<sub>2</sub>

11. On or about February 11, 2014, Ms. Serra, through Michigan Consumer Credit Lawyers, sent Defendant a cease and desist letter regarding all debts it claimed Ms. Serra owed. This letter also advised Defendant that the alleged debt pertained to someone else.

12. On or about February 20, 2014, Defendant sent Ms. Serra c/o Nitzkin & Associates, a letter that stated, "We have opened an investigation concerning your recent request and have requested appropriate documents. A Consumer Relations Representative will provide a response to your request in the near future."

13. On or about July 18, 2014, Ms. Serra received a letter from Defendant. This stated, "Congratulations! Because you have multiple accounts with us, you qualify for special discounts." The letter asked Ms. Serra to call Defendant to discuss the details of her accounts. Attached to this letter was a letter from Defendant attempting to collect another GE Money Bank debt in the amount of $828.61 and a Nordstrom Bank debt in the amount of $3,943.82. None of these alleged debts belong to Ms. Serra.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Ms. Serra is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

3

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692f(1) by attempting to collect an amount not permitted by law as Mrs. Serra does not owe any of the alleged debts that Defendant is attempting to collect.

    b. 15 U.S.C. §1692g(a)(3)-(5) by failing to provide Ms. Serra with the 30-day validation notice rights.

    c. 15 U.S.C. §1692c(c) by communicating with Ms. Serra after she had notified Defendant in writing that she wished it to cease further communication with her.

    d. 15 U.S.C. §1692c(a)(2) by communicating with Ms. Serra after Defendant knew that she was represented by an attorney.

19. Ms. Serra has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

A TRUE COPY

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Ms. Serra is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

4

a. MCL §339.915(h) by communicating with Ms. Serra when she is actively represented by an attorney, her attorney's name and address are known, and her attorney has been contacted in writing by Defendant.

b. MCL §339.915 (q) by failing to implement a procedure designed to prevent a violation by an employee.

24. Ms. Serra has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

A TRUE COPY

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Ms. Serra is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

a. MCL §445.252 (h) by communicating with Ms. Serra when she is actively represented by an attorney, her attorney's name and address are known, and her attorney has been contacted in writing by Defendant.

b. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

30. Ms. Serra has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

A TRUE COPY

Respectfully submitted,

August 27, 2014

GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Case 2:14-cv-14063-GAD-RSW ECF No. 1-2, filed 10/22/14 PageID.13 Page 9 of 9

EXHIBIT 1



**MICHIGAN CONSUMER CREDIT LAWYERS**
WWW.MICREDITLAWYER.COM

22142 W. Nine Mile Rd. • Southfield, MI 48033



CERTIFIED MAIL

7013 1090 0001 4032 0405



US POSTAGE FIRST CLASS
062S0000605 1764
48033
$6.590

Midland Credit Management, Inc.
RA: CSC- Lawyers Incorporating Serv. Co.
601 Abbot Rd.
East Lansing, MI 48823